Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Order of the Deputy Commissioner.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiffs claim consists of allegations of negligent care by various Department of Correction nurses and Dr. Walter S. Loehr, a doctor in private practice retained by the Department of Correction to perform vascular surgery in July 1996 upon Plaintiff. Plaintiff complained of his medical treatment prior to and after the surgery, and alleged the surgery itself was negligently performed.
2. Prior to evidence being presented, Defendant moved for a dismissal of this action based upon the fact that this was a medical malpractice claim against nurses and a doctor, and Plaintiff had no expert medical opinion to support the same.
3. Plaintiff confirmed in open court that he had no expert medical witnesses available to testify in this matter, and that his evidence consisted of medical records and his personal opinions.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. There was no evidence to be presented by Plaintiff, other than his personal opinion and medical records, of any medical negligence or damage resulting from this incident.
2. A plaintiff may not recover in a medical malpractice claim against a medical professional, including a nurse, where he cannot show the standard of medical care owed and that the care received did not meet such standard. N.C. Gen. Stat. 90-21.12. Expert testimony is generally necessary to establish this standard of care. Warren v. CanalIndustries, Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983). Only where the medical care issue does not involve special skills is such expert testimony not necessary. Expert medical testimony is needed in this claim for Plaintiff to prevail.
3. Without expert medical opinion, Plaintiffs case must fail and be dismissed.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. All Plaintiffs claims are hereby DENIED based upon the lack of any competent, relevant, expert medical evidence supporting his claims of injury as set out herein. Therefore, Defendants motion is granted and Plaintiffs claim is hereby DISMISSED.
2. Each side shall pay its own costs.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER